IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA FAYE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:11cv947-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

On December 27, 2012, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. # 21). The Commissioner objects to an award of fees because his "position was substantially justified." (Def's Obj., doc. # 26, at 1).

Contending she was disabled, the plaintiff applied for and was denied disability insurance benefits by the Commissioner. After her application was denied, she sought judicial review in this court. On October 3, 2012, the court concluded that the ALJ erred as a matter of law and remanded the case for further proceedings.

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of her case by the Commissioner. *See Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances

make an award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The court concluded that a remand was necessary because the ALJ "wholly fail[ed] to articulate any reason for discounting the plaintiff's *credibility* or *her pain testimony*." (Doc. # 19 at 7). In fact, the court concluded that "[t]he ALJ's determination amounts to nothing more than a recitation of the applicable law, and a conclusory finding. There is no analysis whatsoever, leaving the court to guess at the ALJ's specific reasons for discounting Davis' testimony." (*Id*.) Based on the ALJ's failure to comply with the law that he "conduct the appropriate legal analysis," and include "sufficient reasoning" in his determination, it was "impossible for a reviewing court to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." (*Id*. at 7-8) quoting *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ then compounded his mistake by failing to properly consider Davis' medical records. (Doc. # 19 at 8 -11).

This case was remanded specifically because the ALJ failed to fulfill his obligations under the law. Because the ALJ committed legal error requiring a remand for further proceedings, the Commissioner's position in this litigation did not have a reasonable basis in *law*. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because "[a]lthough the ALJ did not articulate these findings in the decision to the Court's satisfaction, the ALJ nonetheless **expressly**, and **conceivably correctly**, noted in his decision evidence that contradicted Plaintiff's subjective complaints." (Doc. # 26 at 4). The problem with the Commissioner's position is two-fold. First, while the ALJ recited *facts* in his determination, he conducted no *analysis*. Consequently, the court was unable to determine on what *basis* the ALJ reached his conclusions. It is the ALJ's responsibility to conduct *an analysis of the facts* in accordance with the law of this circuit as well as the Commissioner's regulations so that the court can review his determination. Rote recitation of medical records does not equate to analysis. If an ALJ does not state with specificity his reasons for accepting or discounting evidence, this court will not speculate as to what those reasons might be.

The court remanded this case because the ALJ failed in *his* duty to properly consider the evidence before him, not because he was "**conceivably correctly**" in his determination. It is precisely because the ALJ failed in his duties that the court cannot determine whether the ALJ's determination was correct. Finally, the arguments presented by the Commissioner merely rehash his arguments in support of the ALJ's determination. Consequently, the court concludes that the Commissioner's position was not reasonable in law and was not substantially justified. The plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $4,541.19. The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate.

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 21) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees in the amount of $4,541.19.

However, to the extent that plaintiff's counsel requests that fees be awarded directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.[1]  *See* 28 U.S.C. § (d)(2)(B).  The motion that fees be paid directly to counsel is hereby DENIED.  It is further

ORDERED that the plaintiff's motion for leave to file a response (doc. # 27) be and is hereby DENIED as moot.

Done this 11th day of January, 2013.

                                                         /s/Charles S. Coody
                                                       CHARLES S. COODY
                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. at 738.  On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney.  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").